UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GRALEY ROBERSON** | **CIVIL ACTION NO. 15-2422-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN KEITH DEVILLE** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Graley Roberson ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on September 24, 2015. Petitioner is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court conviction, habitual offender adjudication, and sentence. He names Warden Keith Deville as respondent.

On November 15, 2007, Petitioner was convicted of one count of possession of a Schedule II CDS, in Louisiana's First Judicial District Court, Parish of Caddo. On April 28, 2008, he was adjudicated a second felony offender and sentenced to 15 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On April 20, 2010, he was re-sentenced to 15 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) a law enforcement officer made false statements under oath during the hearing on his motion to suppress; (2) the State withheld requested police reports; (3) multiple instances of misconduct by the prosecutor during his opening statement and closing statement; (4) he received ineffective assistance of counsel; and (5) cumulative errors.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

    3.    the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

    4.    the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

The court will first determine when Petitioner's conviction and sentence became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on November 15, 2007. He was adjudicated a multiple offender and sentenced on April 28, 2008. He was re-sentenced on April 20, 2010. The Louisiana Second Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence on December 14, 2011. State v. Roberson, 81 So.3d 911, 46,697-KA, (La. App. 2 Cir. 12/14/11). The Supreme Court of Louisiana denied writs of review on April 20, 2012. State v. Roberson, 85 So.3d 1270, 2012-KO-0086 (La. 4/20/12). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v.

Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after April 20, 2012 on July 19, 2012.

The federal petition currently before the court was filed in this court on September 24, 2015 and signed on September 18, 2015. Since the federal clock began ticking on July 19, 2012 and Petitioner had one full year in which to file her federal petition, Petitioner would have had to file this petition in or before July 19, 2013. This petition was not filed until September 2015, more than two years too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See footnote 1. Petitioner's one year federal limitation period began on July 19, 2012 and continued until he filed his first state post conviction relief application in the trial court on January 24, 2013, encompassing approximately 189 days of the limitation period. From that point, the limitation period was tolled until October 3, 2014, when the Supreme Court of Louisiana denied relief.[2] State ex rel. Roberson v. State, 2014-0181 (La. 10/3/14), 149 So.3d 790. Petitioner then had approximately 176 days, or until March 28, 2015, to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until September 2015 at the earliest. Thus, the time in which the limitation period was running exceeded 365

---

[2]This court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. However, even if this court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

days and Petitioner's federal habeas claim is time-barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 29th day of January, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge